**UNITED STATES of America,**
**Appellee,**

v.

**William Andrew MOORE, Jr.,**
**Defendant–Appellant.**

**Docket No. 01–1057.**

United States Court of Appeals,
Second Circuit.

Jan. 3, 2001.

William Andrew Moore, Jr., Ayer, MA, pro se.

Barbara D. Cottrell, Assistant United States Attorney; Joseph A. Pavone, United States Attorney, Albany, NY, for Appellee.

Present CARDAMONE, POOLER, and PARKER, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant William Andrew Moore, Jr., appeals from December 27, 2000 decision of United States District Court for the Northern District of New York Judge Thomas J. McAvoy denying his motion for correction of sentence, pursuant to Fed.R.Crim.P. 35(a). Moore argues that his sentence for conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, which the court originally imposed in December 1990 but then vacated and re-sentenced in September 1992 after a remand following appeal, is illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant further argues that he is subject to the former Rule 35(a), not the current Rule, because his participation in the conspiracy included actions taken prior to November 1, 1987, the effective date of the new Rule.

We find this argument without merit. The offense alleged in the indictment upon which Moore was convicted charged his participation in a conspiracy between November 1, 1987 and June 30, 1989. Although Moore's involvement in the conspiracy may have predated November 1, 1987, the effective date of the current Rule 35(a), his participation in the conspiracy continued after that date. Thus, application of the current, post-November 1, 1987 Rule 35(a) is appropriate. *Cf. United States v. Eisen,* 974 F.2d 246, 267–68 (2d Cir.1992) (holding that when a defendant's participation in a conspiracy covers time both before and after the effective date of the Sentencing Guidelines, the current

Guidelines apply). Under the current Rule, a district court cannot correct a sentence unless it is "determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable" and is remanded to the district court. Fed.R.Crim.P. 35(a). This Court has not made such a determination, and thus, the district court did not err in finding Moore could not proceed under Rule 35(a). Accordingly, the decision is affirmed.